Jasen, J.
(dissenting). I cannot agree with the majority that *357 there is no distinction between being able to stand trial and being able to conduct one’s own defense. One may be judged competent to stand trial if he has the necessary mental capacity to understand the nature of the proceedings against him and to assist in his defense (CPL 730.30, subd 2; 730.10, subd 1), whereas, one who seeks to act as his own attorney must show competency to intelligently waive the services of counsel and act as his own attorney. Hence, an adjudication by the trial court that a defendant is capable of standing trial is not a determination of his competency to act as his own counsel.
The United States Supreme Court recognized this distinction in Westbrook v Arizona (384 US 150). In that case the defendant, charged with murder, insisted on his right to act as his own counsel during the trial. He was granted that right after the court heard the testimony of two psychiatrists to the effect that defendant was able to understand the proceedings against him and able to aid counsel in his defense. After trial the defendant was convicted, and on appeal the Arizona Supreme Court affirmed. In vacating the judgment of conviction, the Supreme Court held that "[although petitioner received a hearing on the issue of his competence to stand trial, there appears to have been no hearing or inquiry into the issue of his competence to waive his constitutional right to assistance of counsel and proceed, as he did, to conduct his own defense.” (384 US 150.) Thus, it would seem clear, that where a defendant demands his right to act as his own counsel, the court must separately determine, after a hearing, whether he has the requisite mental capacity to intelligently waive his Sixth Amendment right to counsel. In addition, it should be determined whether the defendant has the mental capacity to act as his own attorney.
While a defendant has an implicit constitutional right to proceed to trial without counsel (Faretta v California, 422 US 806; People v McIntyre, 36 NY2d 10), the right is not without qualification. Society’s interest in the integrity of the truth-determining process and the need to have the trial proceed in an orderly fashion require that there be some qualification on the right. This concern is based upon the principle that only through an "orderly exposition of the issues” can society be adequately assured that the truth has been determined. (People v McIntyre, supra, p 17.) Besides the need for orderly procedure at trial, the proper administration of justice also *358 requires that the rights of the defendant be fully protected. This means securing for the defendant due process of law.
Furthermore, a defendant must be able "competently and intelligently to choose self-representation.” (Faretta v California, supra, p 835.) In order to determine whether a defendant is capable of so choosing, the court should take into consideration the background, conduct of the defendant, his mental condition, age, education, experience, the nature or complexity of the case, or other factors which would assist the court in determining his competency to conduct his own defense. (ABA Minimum Standards for Criminal Justice— Providing Defense Services, § 7.2, p 63; Johnson v Zerbst, 304 US 458, 464.) The inquiry should not be merely routine, but should be sufficiently thorough as the circumstances of the case require. For instance, past mental illness, although not necessarily determinative of a defendant’s present mental competency to conduct his own defense, is a factor which should be given weight in determining the defendant’s present condition. In addition, since the subjective understanding of the defendant is sought, rather than the quality or contents of the explanation given him, the court should question the defendant in a manner designed to reveal that understanding, rather than framing questions which call for a simple "yes” or "no” response. (See Remington, Defense of the Indigent in Wisconsin, Wis Bar Bull, Feb. 1964, pp 40, 43.)
Should the court, after an examination of the defendant, be satisfied that he possesses a sufficient understanding of the consequences of proceeding pro se to waive his Sixth Amendment right to counsel and that he has the mental competency to act as his own attorney, his request to proceed pro se should be granted.
However, where the court is not satisfied that the defendant is fully competent to realize the consequences of foregoing legal assistance or that he has the mental capacity to act as his own counsel, then, in that event, the application should be denied. This type comprises more than just those defendants who are not sui juris.
A situation may occur where the court properly finds that a defendant competently waives counsel before trial, but, as it develops at trial, the defendant is unable actually to conduct his defense. Under such circumstances, the court should not *359 hesitate to declare a recess and conduct further inquiry as to the defendant’s mental competence to continue as his own counsel. Upon a finding by the court that the defendant no longer possesses the necessary competence to proceed with his own defense, due process requires that trial counsel[1] should be directed to take over the defense in order that the rights of the accused may be fully protected. Where, however, a fully competent defendant chooses to conduct his defense in a questionable but not disruptive manner, he should not be prevented from conducting his own defense. Only where his antics disrupt the orderly procedures of trial or cause turmoil in the court should the court act to vacate the defendant’s right to act as his own counsel.
Applying the above standards to the case before us, a reversal of the order appealed from is required. Although defendant was afforded an adequate hearing on the issue of his competence to stand trial, the record discloses that the inquiry into his competence to waive the constitutional right of assistance of counsel and to conduct his own defense was inadequate. Considering the extensive medical history of three prior psychiatric hospitalizations with a presumed diagnosis of paranoid schizophrenia, the weird and bizarre circumstances surrounding the alleged attacks on two persons and the lack of motive, provocation or other cause for his alleged conduct, as well as his demeanor before the court, both before trial and at the opening to the jury, it is difficult to find any basis upon which a finding by the court of competency to proceed pro se can be justified. Although the trial court urged the defendant to allow counsel to represent him and expressed concern and apprehension as to defendant’s ability to proceed without counsel, the court, nevertheless, without further inquiry as to his competency to waive counsel, agreed to defendant’s request to proceed pro se. Nor was it adequate inquiry for the court to merely warn the defendant of the dangers of proceeding pro se, since warnings alone are not sufficient. Rather, the trial court’s questioning should have been directed to the issue of defendant’s competency to waive counsel and to proceed pro se. The trial court’s warnings and questions fell far short of a "searching inquiry” as characterized by the majority. Indeed, *360 the excerpt, which is quoted below,[2] is typical of the several exchanges between the court and the defendant and shows that the court failed to make the requisite inquiry. Rather, the excerpt reveals the serious doubts that the court had as to defendant’s competency to waive counsel and to proceed pro se.
Furthermore, the court should have reconsidered its ruling after the defendant’s opening to the jury which addressed itself to none of the issues and had no rational or relevant relationship to the issues. The trial court, presumably realizing this, stated to the defendant, "[p]lease confine yourself to the issue before the Court and jury * * * You have rejected any plea of not guilty by reason of mental disease or defect. The Court cannot consider any such evidence.” On completion of defendant’s opening statement, the trial court sua sponte urged defendant to rely on the defense of insanity by saying "[i]n the interest of justice the Court will permit the filing of the notice [of intention to rely on the defense of insanity] at this time. Indeed the Court urges that the defendant do serve and file such notice.” The defendant declined[3] and continued *361 the trial with irrelevant questioning of witnesses and weird, bizarre and irrelevant rambling.[4]
Accordingly, I conclude that the record does not support the trial court’s determination that the defendant possessed the competence to waive his right to counsel and act as his own attorney, and, therefore, the request to so act should have been denied.
Judges Gabrielli, Jones and Cooke concur with Judge Wachtler; Judge Jasen dissents and votes to reverse in a separate opinion in which Chief Judge Breitel and Judge Fuchsberg concur.
Order affirmed.

. It may be assumed that defense counsel was appointed by the court or retained by defendant prior to defendant’s application to proceed pro se, and has remained in at least an advisory capacity.

. The following colloquy took place while a jury was being selected:
"THE COURT: The Court will permit you to represent yourself but not without further admonishing you that you are doing this at your peril, that it is very inadvisable for a defendant to represent himself. You can’t possibly be as objective and detached as a person should be in making a defense.
"In addition, you can’t possibly have the necessary legal knowledge.
“However, the Court must and will accede to your request if you persist, but the Court has an obligation and it is fulfilling that obligation of encouraging you and urging you not to make that decision. Do you understand me?
"THE DEFENDANT: I understand you.
"THE COURT: I want you to fully understand that in the Court’s opinion, based on years of experience, you are making a grave mistake, that you can’t possibly be equal to protecting yourself adequately.
"Now if you fully understand that and none-the-less wish to exercise your right under the law, I must and will permit you. But not unless you fully understand what I am talking about. Do you feel that you fully understand?
"THE DEFENDANT: I fully understand, your Honor.
"THE COURT: You understand that in my considered judgment you are making a grave mistake?
"THE DEFENDANT: I understand that, too.
"THE COURT: And none-the-less you wish to represent yourself?
"THE DEFENDANT: I do, and I respect and appreciate your Honor’s warning.”

. The fact that defendant, despite these facts, consistently refused to interpose an insanity defense is by itself very compelling evidence that defendant did not fully understand the possible defenses to the charges and, therefore, was not competent to knowingly and intelligently waive his right to counsel.

. An example of defendant’s irrelevant rambling follows: "The issue of the dead belong to God. It’s in the bible. Each of the dead belong to God. God seeks the past. Life gives birth to time, time is passed, just passed, time passed, just passed. Anticipate time. Time is past. Hour has already been. I wrote right here, I would like to repeat that and I would, I would like to repeat that”..